UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK LEE YOUNG,

   Plaintiff,

v.                                                      Case No. 3:21cv958-LC-HTC

STATE OF FLORIDA, et al.,

   Defendants.
_____/

## REPORT and RECOMMENDATION

Plaintiff Frederick Lee Young, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 based on Defendants' failure to install fire hazard equipment at the Walton County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

On August 10, 2021, Plaintiff initiated this action by filing a *pro se* civil rights complaint and a motion to proceed *in forma pauperis*. Neither Plaintiff's complaint nor his motion were on this Court's forms as required by the local rules. *See* Fla. N.D. Loc. R. ("[a] party not represented by an attorney must file any of these only

on a form available without charge from the Clerk or on the District's website . . . a complaint in a civil-rights case"); *see also* Fla. N.D. Loc. R. 5.3 ("[a] party who file or removes a civil case must simultaneously either pay any fee required . . . or move for leave to proceed *in forma pauperis*."). Thus, on August 16, 2021, the Court denied Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to, within twenty-one (21) days, file a second, complete motion and an amended complaint. ECF Doc. 4.

On August 18, 2021, the clerk docketed two additional filings, which the clerk docketed as a first amended complaint (ECF Doc. 5) and second motion to proceed *in forma pauperis* (ECF Doc. 6).[1] While docketed as a first amended complaint, ECF Doc. 5, was not. Instead, it appeared to be a service copy of the initial complaint. Likewise, ECF Doc. 6 was not a second motion to proceed *in forma pauperis*, and, instead, was a blank document containing nothing more than the case style, title, and Plaintiff's name. Regardless, on August 20, 2021, the Court denied Plaintiff's second motion to proceed *in forma pauperis* and warned Plaintiff that he must file a second amended complaint and a third motion to proceed *in forma pauperis* before September 7, 2021 to avoid dismissal of this action.

---

[1] It appears these documents were received on the same day as Plaintiff's initial complaint and motion to proceed *in forma pauperis* but were not docketed until August 18.

Case No. 3:21cv958-LC-HTC

On August 25, 2021 the Court received Plaintiff's second amended complaint (ECF Doc. 9) and third motion to proceed *in forma pauperis* (ECF Doc. 10). While Plaintiff did use the Court's forms, Plaintiff's motion to proceed *in forma pauperis* did not include an executed financial certificate or a copy of his inmate account statement. ECF Doc. 10. Thus, on August 27, 2021, the Court entered an order deferring a ruling on Plaintiff's motion and giving him an opportunity to provide the missing documentation, or in the alternative, pay the filing fee. ECF Doc. 11. However, the Court expressly warned Plaintiff it would not provide him with an additional opportunity to cure these deficiencies and would recommend this action be dismissed if he continued to fail to comply.

On September 14, 2021 the clerk docketed Plaintiff's "response," which included a six-month print-out of his inmate account statement, indicating he had sufficient funds to pay the Court's filing fee. ECF Doc. 12. The Court denied Plaintiff's third motion to proceed *in* forma pauperis and ordered Plaintiff to pay the full $402.00 filing fee by October 8, 2021. ECF Doc. 15. When the Court did not receive Plaintiff's payment, the Court ordered Plaintiff to, within fourteen (14) days, show cause why this action should not be dismissed for failure to prosecute and failure to comply with court orders. Plaintiff did not respond to the show cause order and his time for doing so has expired.

Thus, the Court has given Plaintiff at least three (3) opportunities to file a proper motion to proceed *in forma pauperis*, and two (2) opportunities to pay the filing fee after the motion was denied. Despite these opportunities, the filing fee remains unpaid, now almost three (3) months after the complaint was initially filed. It is time for the case to be dismissed.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v.*

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of November, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.